And for the lawyers on the last case, you drove the high school students out. Thanks for being here today and good luck. Insurance will do that to you. Mr. Colvin, am I pronouncing that right? Exactly, your honor. Thank you. Good. So you've reserved a minute for rebuttal, which gives you nine minutes out of the gate. Thank you. You may proceed. May it please the court, my name is David McColgan, I'm the attorney arguing on behalf of appellate near Mayor Walker. I would just note at the outset that although I did file a 28J letter two days ago, that I do see that the case that I cited in that, which is Ibar-Peguero, was actually cited in the government's brief, so my letter was unnecessary and I apologize for that oversight. Turning to the issues, your honor, this case, of course, involves offense under 924C in which Mr. Walker was charged under the second prong of the statute, possession of a firearm in furtherance of drug trafficking. At the guilty plea in this case, the judge made two Rule 11 errors, one involving the elements and the second involving the factual basis. Regarding the elements, Mr. Walker was clearly reluctant to plead guilty to in furtherance of, and hesitated on that element, and so the judge tried four times to define in furtherance, and she incorrectly defined it each of those four times. She defined the in furtherance element as being the weapon being related to or connected to drug trafficking, which is, of course- She did that, but she also used examples, right? She said oftentimes people carry a weapon to protect themselves if they're going to have cash or drugs on them, or if they're going to go somewhere to engage in a drug transaction, and he had acknowledged that with a loaded gun in the car next to him near the drugs as well, and that he was engaging in a drug transaction or planned to. Isn't that right? So why isn't that enough here? All correct. The examples were correct. However, the definition was wrong, and each time she mentioned those examples, Mr. Walker wasn't willing to admit to the examples. In fact, each time he asked, well, could you rephrase that? And then the second time she mentioned those examples, he said, could I speak to my attorney? Well, she said, do you have the gun with you in part because you had drugs, not just was it kind of randomly found, because you had drugs, were engaging in drug trafficking, and he says, could I talk to my lawyer for a second? Correct. I mean, it could have been a little bit clearer, but the facts were still, as I've said, and she gave those examples, and he ultimately agreed, right? He did not agree to the examples, and that's why it's significant that each of them. But it's one of the reasons that they had the firearm was connected to the fact that they were engaged, and so the reason for, there was purpose was driven by the drug trafficking, and he says yes. But he never admitted to that example. Instead, what he admitted to was connected to, and that's how she misdefines and furtherens it. So if we get to the fourth definition, which is at the bottom of page 79 in the appendix, but if one of the reasons they had the firearm was connected to the fact that they were engaged in drug activity, then that's enough, and that's the question I have for you. The defendant, yes. He never admits to the examples. He admits to connected with. He stumbles over. But the connected with also is preceded by reasons. One of the reasons that they had the firearm, and this is on a factual basis, and we're on plenary for you, right? Yes. It's an example, and in fact, she's, again, she's repeatedly misdefining the in furtherance under the first prong's definition, which is related to or connected to. She's not giving the correct definition. She is giving correct examples, but Mr. Walker never admits to those examples. Instead, he stumbles over them, and at the very end, what he's admitting to is connected to. So he's never admitted to in furtherance of. He's admitted to connected to. And he's admitted to the facts that were described by the government, that it was a loaded pistol in the car next to him, next to the drugs and the proceeds. And the government never alleged that this would establish that the possession of the firearm was in furtherance of or advantaging the drug. Haven't we said, though, that it's precisely those kind of facts that are sufficient to establish it? In the case Lewis decided last March, we pointed to those kind of factors, the type of drug activity being conducted, accessibility of the firearm, type of the weapon, whether the drugs or drug profits, and the time and circumstances under which the gun is found. So he's acknowledged all those elements, right? Yes, Your Honor. Yes. Lewis, however, involves what was sufficient for a jury to determine that element. But when we're at the police stage, what's significant is whether Mr. Walker acknowledged each of those elements. Well, as you said, there are two aspects to your argument. I must say, the elements and the factual basis. And I don't see much to your argument when it comes to the factual basis because, as Judge Carney was saying, the facts that have been admitted are sufficient for the jury to find. The facts recited by the AUSA are sufficient to find the in furtherance. I think- But the, I mean, I think your stronger argument is the part about whether his understanding was properly elicited by the trial judge in explaining the elements of the offense, where I think you have a pretty substantial argument that despite the giving of some examples that would have been sufficient, those examples didn't purport to be the definition. And the definition as given didn't encompass the full effect of in furtherance of the transaction. I mean, there are ways in which a gun can be at the scene of a drug transaction without being there for the purpose of in any way furthering the transaction. Exactly, Your Honor. And if we look to what Mr. Walker said initially, that's exactly what he was getting to. He was willing to admit to a temporal connection, but not to in furtherance. What he said was, at the very beginning of this colloquy on page 78, I had some drugs I was going to sell, and I had a gun at that time. So he's willing to admit to a mere temporal connection, but he's not willing to admit to in furtherance. Is it meaningful, though, that he acknowledged that he was about to engage in a transaction rather than he was just traveling, and that the possession was more dissociated from any actual drug transaction? Well, he doesn't state why he had it. He's only stating that he had it so he could well have been just traveling. At the same time, he's engaging in a drug transaction. He's willing, again, to admit to that temporal connection. He never admits to anything more than a connection, a temporal connection. Did he admit that the gun was loaded? He does acknowledge that the gun was loaded. There's no dispute about that, Your Honor. He does acknowledge that. It seems to me that there are unlikely circumstances there. There would be unusual circumstances. But let's say, for example, there are two people who do drug deals together, and they're going to do a drug deal, meet in the car, at this parking lot, and so on, and sell some drugs to somebody. And one of them says, you know, but you've still got my gun that you borrowed the other day. Oh, yeah. Okay, well, I'm going to see you this afternoon, so I'll bring the gun. And the gun comes and is present at the drug transaction, not because it was expected to further the objectives of the drug transaction, but because there was a useful opportunity for one to return the gun to the other. That's pretty unlikely. But still, there are others, and they're different from the simple temporal aspects. Now, people who do drug deals very often want to have guns with them for very obvious reasons, but it doesn't mean that those are the only ways in which the gun can show up simultaneously with a drug transaction without being in furtherance. Exactly, Your Honor. And the bottom line here is that Mr. Walker never pled guilty to in furtherance of, but instead to a connection with. He was pled guilty to a charge that included in furtherance of. The court read the indictment, right? And then she defined it down to the lower standard of it related to. She gave multiple examples that you're not saying were incorrect examples, right? She gave correct examples that he never admitted to. He never said, yes, that's me. I wanted the gun to protect the drugs. He never said anything to that effect. Instead, he hesitated, said, could you rephrase that? Could I talk to my attorney? And then at the very end, when he finally admits, what has he admitted to? He's admitted to what if one of the reasons they had a firearm was connected to the fact they were engaged in drug trafficking, that's enough. So he's never admitted to the examples. He's admitted to that connection. But you're focusing on the word connection. She uses the word reason right before that. The reason, to me, suggests in furtherance of in so far as there's a purpose for having the gun, loaded gun, nearby in the car with the drug and the proceeds. I agree that she had just said that it's connected in some unspecified or general way. But the longer colloquy involved both the examples as well as her use of the word reasons. And that's what he answers yes to. Am I misunderstanding that? I think yes, Your Honor. There's a slight misunderstanding there, respectfully, and that the reason is the reason for having the firearm. So the reason for having the firearm may not be in furtherance of. It may not be to afford an advantage to the drug trafficking. It could be for some other reason, as Judge LaValle has pointed out. And that's the problem with the colloquy, is that it could be a reason. It could be a connection that is actually not advantaging the drug trafficking. We've been pretty clear that at a guilty plea, a judge doesn't have to give the equivalent of a jury charge. And it seems to me that's really what you're asking for. We're not asking for a jury charge, but where the defendant is stumbling over that element, the judge has to define it accurately. And here, she did not. Four times she gave a definition, and four times that definition was incorrect. Albeit with correct examples, but he never admits to those examples. He never says, yes, that's me. I had it to protect. Instead, he stumbles over the examples and says, could you rephrase that? Could I speak to my attorney? And at the very end, what is he left with? He's left with an incorrect definition that had been repeated four times. It only required a connection. And that's what he had admitted to originally. Merely a temporal connection. So he hasn't actually admitted to the correctly defined in furtherance. He admitted not just to a temporal connection, but a physical presence connection. It wasn't that he had a gun in his house elsewhere. That's right. It was that the loaded gun was there in the car with him. That's right. And his co-defendants and the drugs and the proceeds, right? So you could say both a proximal and a temporal connection. That's correct. But that's not necessarily in furtherance of, as Judge LaValle has pointed out. And that's a crucial distinction. And to get back to your Honor's question regarding a jury instruction, correct. If he had gone through this smoothly and she had just read the indictment and he'd said, yes, I had the gun in furtherance, or yes, that's correct, that would have been fine. There would be no need for a jury instruction. But where he has stumbled over the in furtherance element, she has to define it correctly. And she defined it incorrectly four times. And the parties did not correct her. The defense counsel and the government were equally at fault in this case for not standing up and saying respectfully, Your Honor, that's not a corrective definition. All right. Well, you reserve one minute for rebuttal. Ms. McCullough will now hear from Ms. Clark. Thank you, Your Honor. Thank you. Were you the Assistant U.S. Attorney who was present at this proceeding? Yes, Your Honor. I am Assistant U.S. Attorney. May it please the Court. I am Assistant U.S. Attorney Lauren Clark for the United States. And you were present at the guilty plea? I was co-counsel in the case below. I was present for the plea hearing, although I was not the AUSA handling the colloquy with the Court. Well, I would like to suggest to you that your colleague who was handling it, and perhaps you also, were you there as the more senior person  No, not necessarily, Your Honor. It's the Assistant U.S. Attorney's job to make sure that a Rule 11 proceeding is properly conducted. And you have to understand that a district judge, a district judge doesn't generally prepare for a guilty plea. Somebody comes in, a case comes in, it's going to be a guilty plea. Often, the business of the necessary elements of the offense are quite complicated and not so easy. And a district judge has not prepared for this. An Assistant U.S. Attorney should ideally show up with a written, who knows that there's going to be a guilty plea, if they don't, I guess there are circumstances where the assistant doesn't know there's going to be a guilty plea, but when they do, they should hand the judge a written statement of what are the elements of the offense to make sure the judge gets it right. And they should listen carefully to the proceeding. And if the judge doesn't get it quite right, in a tactful way, just say, can we make it clear, I want to be sure that the defendant understands that he's pleading guilty, this requires his admission that the possession of the gun was in furtherance, which means that it was possessed to advance in some way the drug transaction or to help out with the successful completion of the drug transaction, something along those lines. And an assistant who doesn't do that and allows the judge to give a defective description of the elements of the offense to the defendant is not doing her job. Understood, Your Honor. Thank you. In this case, Judge Miriam did have, on the record, a conversation with Mr. Walker, ensuring that he had read the indictment that plainly stated that the charge was that he possessed a firearm in furtherance of a drug trafficking crime. She also had been provided by our office and the defense counsel the plea agreement, which not only stated the offense that he was pleading guilty to, again, using the plain language of the statute, he possessed a firearm in furtherance. But part of the question here is what did in furtherance mean and did the defendant understand that? And Judge Miriam did use repeatedly the words connected to and related to and not in promotion of. The examples she gave were good examples of in furtherance of, but we've said that mere possession contemporaneous with drug trafficking is insufficient. So I am concerned by the repeated language of in relation to or connected with that seemed really to focus on the other prong of the statute and not the in furtherance. So as the appellant indicates in his brief, and I think he concedes that the two definitions of in furtherance of and during and related to are in furtherance is only slightly higher. It's cited in his brief. And a number of circuits have also said the distinction is difficult to discern. The Tett Circuit has called it a slight distinction. The Ninth Circuit, it's difficult to distinguish. Are you arguing to us that there's no distinction? I think there is not a meaningful distinction for Mr. Walker, who doesn't possibly appreciate the fact that there might be this minute distinction between in furtherance of, which he was told was the element of the offense, and during and relation to. I think if the court reads what Judge Miriam did as a whole, what is happening during this hearing, what Mr. Walker does is he, when he's asked to describe what he did in his own words, he clearly does not get there, because he says, I possessed a gun and I possessed some drugs. And what Judge Miriam recognized correctly was those two things alone, the Second Circuit has said is not sufficient for someone to be guilty of possessing a firearm in furtherance of that drug trafficking. And so she was using her own words, whether it was the nexus language that this court has used, or trying to explain to Mr. Walker there had to be some relationship, some connection between his possession of the gun and his possession of the drugs. And she was directing that to Mr. Walker in her own language. But she also used many times that in furtherance of language, which is in its plain meaning, to further is very much the same as to promote or to advance. And of the other words that Mr. Walker claims, he would have preferred in that stead. But as the court indicated, she also uses the seminal example of how a firearm may be possessed in furtherance, that is for protection. There are numerous places in the colloquy where she says in furtherance of, and he clearly doesn't understand, because he says, I had some drugs I was going to sell and I had a gun at that time. And she says, and having the gun was related to you having the drugs in some way for protection or otherwise? And he says, can you rephrase that? You know, this is elusive. And then she gives the examples and so on. But the language's connection to the kind of lower standard connection, not nexus or promoting the drug or related to in some significant way, is kind of not there. She could have used the word nexus. She could have used promote. But this court has been clear that she's not required to give a jury instruction or a specific example. What Judge Miriam is trying to... We're not talking about giving a jury instruction. We're talking about explaining what the term means. And she is... So the defendant understands it. And again, read as a whole, that's what she's trying to ensure Mr. Walker understands. I don't doubt that that was what she was trying to do. But we're not here to award stars for nice tries. The question is whether it was correctly described, whether the element of the offense was correctly communicated to the defendant. So, and I will note that on this very definition, the House Judiciary Committee, which is cited in the appellant's brief, does also claim not only is in furtherance slightly higher, but it also says that it encompasses the during and in relation to language. And I found that interesting because this is not necessarily either or, at least for the committee. Either you are having a firearm during and in relation to or it's in furtherance of. I think the committee itself acknowledges that this is difficult. And in fact, that in related to language is encompassed within the slightly higher standard. And I would also note that even if there had been... Are you saying that the higher standard doesn't mean anything? You used the lower standard even though the statute was changed to adopt the higher standard? I think that Mr. Walker, given the record read as a whole, the entirety of Judge Miriam's statements, there was no error that he would have understood that he was pleading to possession of a firearm in furtherance of, and that that required a nexus. However, Judge Miriam decided to define it, she did so by explaining there needed to be a relationship and she went further and did advise him that, for example, protection would be a viable example of how he could possess that firearm in furtherance of his drug trafficking. And Judge Miriam also knew the facts of the case here, although that's a separate inquiry whether it was a factual basis. She also is not advising Mr. Walker just on some nebulous possession of firearm in furtherance of drug trafficking. She knows the facts of the underlying case and so when she provides that example, that is a meaningful example for protection. And she says it not once but twice, as does the defense counsel, provide that as an example of how Mr. Walker may have possessed that firearm for protection of himself as he's trafficking narcotics, for possession of his drugs and his drug proceeds. And in response to that colloquy, Mr. Walker acknowledges that those are the circumstances under which he possessed that firearm. And I would also very briefly note that there does appear some case language in United States v. Andrades, this is 169 F. 131, where this court has said that even where a defendant's recitation of his own conduct insufficiently supports the relevant charge, Rule 11 nonetheless is satisfied where the charging instrument plainly describes the offense and the defendant acknowledges that he read, understood and discussed with his attorney that legal document. And the appellant has argued that he didn't properly admit to all of the facts of the offense or the facts being alleged by the government regarding the circumstance of that firearm, but I would submit that's not the inquiry here. The inquiry is whether or not he was properly informed by the court of that offense. And I see that I'm out of time, so if there are no further questions, I would simply ask that the judgment of the district court be affirmed. Thank you. We'll hear from Mr. McColgan for a minute of rebuttal. Thank you, Your Honor. Just very briefly, the term in furtherance to a person who doesn't have a legal education is legalese. It needs definition for most people, and that's why it was significant, although the judge did repeat the words in furtherance of several times. Well, do you think nexus would have done a better job? A nexus is a broader term. A nexus can be something that requires in furtherance of, or it could be something that just requires a simple temporal connection. I mean, we've acknowledged nexus is insufficient, right? But the court has defined what type of nexus. The existence of a specific nexus between a charged firearm and the drug selling. Yes, and that specific nexus under Lewis has to be something that affords an advantage to. So it requires something more than a simple connection, which could be a mere temporal connection, which was what Mr. Walker was willing to acknowledge in this case. It has to be something that affords an advantage. We're on plain error review here, and it seems you're criticizing Judge Miriam for not basically pulling out the sand during instructions and reading it, even though there were a lot of colloquy and there were also examples, and then an opportunity for your client to confer with his attorney, who presumably has the same responsibilities that a U.S.A. does to make sure that Rule 11 is compliant with. You think that nonetheless this is all plain error? This is plain error because the definition that she gave was plainly wrong. She gave the definition from the lower standard for the first prong, and although it may be true that the higher standard encompasses the lower standard, that certainly doesn't mean that they're interchangeable. Congress chose a different standard because they wanted to make it a higher standard. We are talking about real possession of the gun. They wanted a higher standard that requires that it actually have afforded some advantage. In light of the factual setting and your client's admission of the facts, could he have plausibly rejected the conclusion that he had the gun, the loaded gun, next to him with the drugs and the money in furtherance of the transaction that he acknowledged he was just about to engage in? Certainly, and I think Judge LaValle has addressed that with his example of somebody who has received a gun from somebody else he's carrying at the time. So you have a temporal connection and you have a proximal connection, but it's not in furtherance of the drug transaction. In light of the facts here, I find that a little hard to imagine. I think the case of Ibar versus Peguero on that is particularly helpful because on the facts there, the case there involved money laundering and concealment and it was a guilty plea in which the defendant was unwilling to acknowledge the concealment element. He had taken his drug profits and commingled them with his legitimate profits from his store and bank accounts. Now a jury could look at that and say, that shows concealment. From the mere facts, you could conclude that shows concealment, but for the plea purposes, it was important that he acknowledge that purpose of concealment. He was unwilling to do that and this court found plain error in the courts, in the fact that the court never had the defendant acknowledge and the defendant was reluctant to acknowledge the concealment element. And that became significant because as in this case, the defendant going through the guilty plea colloquy stumbled over that element. So it was important that the defendant admit to and acknowledge that element. And that never happened here. It's plain error here, just as it was plain error in Ibar-Peguero. So, I mean, we've been spending all our time talking about whether this is a clear or obvious error. I guess the next, another question for plain error is whether or not it would affect substantial rights and basically would have, your client would have gone to trial otherwise, is what you're saying? Yes, and he's made that clear. It's clear both from the guilty plea colloquy where he's stumbling over this and isn't clear as to what in furtherance means. He doesn't admit to the examples of protecting and he's only admitting to connection with. But it's also clear from his letters after sentencing where he says that, look, once I got transferred to a federal facility and was able to read up on the law, I realized that what I pled guilty to, that's not what I did because I didn't have the gun for the purpose of protecting the drugs. That wasn't me. So we have evidence for the third prong of plain error that but for this error, he would not have pled guilty. And as to the fourth prong of plain error, which involves the fairness, integrity and public reputation, again the Ibar-Peguero case is very closely on point because regarding plain error, acceptance of a guilty plea without the defendant's acknowledgement of the purpose element cast serious doubt on the fairness, integrity and public reputation of the judicial proceedings. So I think Ibar-Peguero is very closely on point for the plain error analysis in this case. Thank you both. We will reserve decision.